**E-FILED**
Monday, 17 September, 2007 04:32:48 PM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| Kenneth Simmons, | ) | |
| Plaintiff | ) | |
| | ) | |
| v. | ) | Case No. 07-1007 |
| | ) | |
| Allied/IRMC, | ) | |
| Defendant | ) | |

### ORDER

Now before the Court is Plaintiff's Motion to Reconsider (#27) an Order entered by this court on September 13, 2007. (Doc. #25). That Order directed plaintiff to supplement his motion for a subpoena to issue to the United States Department of Education. For the following reasons, the Motion to Reconsider is **DENIED.**

Plaintiff first asserts that the Court cannot require him to explain his request for a subpoena because discovery is allowed on "any matter." That is an incorrect statement of the proper scope of discovery as allowed by the Federal Rules of Civil Procedure. Discovery in a civil case is limited to "any matter, not privileged, that is relevant to the claim or defense of any party ... Relevant information need not be admissible at trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." Fed.R.Civ.P. 26(b)(1).

As was stated in the previous Order, Plaintiff's request for a subpoena to the United States Department of Education appears to fall short of meeting that standard. This case hinges upon the question of whether Defendant Allied violated the Fair Debt Collection Practices Act when collecting a purported debt from Mr. Simmons. A subpoena for documents from the Department of Education raises obvious questions of relevance.

Mr. Simmons' mere assertion that the "Dept. of Education contracts with Allied to collect debt's" [sic] is insufficient to show relevance. If the debt in question were a student

loan or some other debt owed to the Department of Education, for example, the Court's questions about apparent relevance would be answered, and the subpoena might very well be issued. But there is nothing in the complaint, the motion, or any other pleading in this case that makes any type of connection between the dispute in this case and the Department of Education. The mere assertion that Defendant may do business with the Department falls far short of "relevance."

Nor is there any merit to Plaintiff's unsupported assertion that the earlier Order is "contrary to law." Assuming without deciding that a *pro se* plaintiff might, as Mr. Simmons argues, obtain a subpoena under Fed.R.Civ.P. 45 without a court order, Plaintiff has nonetheless in this case applied to the Court for such a subpoena, thereby putting squarely before this Court the question of whether the requested subpoena falls within the permissible scope of discovery in this case.

Nor is there merit to Mr. Simmons argument that the earlier Order constituted an "abuse of discretion." District courts have broad discretion in matters relating to discovery. Patterson v. Avery Dennison Corp., 281 F.3d 676, 681 (7th Cir.2002)[citing cases]; Semien v. Life Ins. Co. of North America, 436 F.3d 805, 812 (7th Cir. 2006). His motion has failed to show an abuse of that broad discretion.

Fed.R.Civ.P. 26 (b)(2)(C) of the Federal Rules of Civil Procedure empowers courts to exercise broad discretion by limiting the scope of discovery, taking into account "the totality of the circumstances, weighing the value of the material sought against the burden of providing it," and taking into account society's interest in furthering "the truthseeking function" in the particular case before the court.

The issue to be decided in this case is extremely narrow: whether Allied complied with the statutory requirements for collecting a debt from Mr. Simmons. The information being

sought would appear to have little if any value in resolving that issue. The entity Mr. Simmons want to subpoena is a taxpayer supported agency that should not be the focus of unrelated litigation.  Each of these factors - the narrow issue to be decided in this case, the apparent lack of a cogent connection between that issue and the information sought, and the burden on a taxpayer-supported agency - will weigh in this Court's decision whether to issue this subpoena.  Absent further explanation by Plaintiff, those factors will clearly weigh against issuance of the requested subpoena.  If Plaintiff believes that his case requires information possessed by the Department of Education, it is in Plaintiff's own interest to provide the explanation requested by the Court.

For all of these reasons, the Motion to Reconsider is denied, and the Court reiterates its Order requiring the Plaintiff to explain his request.  This Court's earlier Order deferred ruling on the motion for subpoena, allowing Plaintiff the opportunity to  explain how his requested subpoena might meet the legal standards discussed herein.   The time period for plaintiff to avail himself of that opportunity is extended to October 1, 2007.

Plaintiff is advised that any appeal of this Order must be directed to the District Court, and it must be filed within ten (10) working days after service of this Order. Fed.R.Civ.P.72(a).

ENTER this 17th day of September 2007.

s/ John A. Gorman

JOHN A. GORMAN
UNITED STATES MAGISTRATE JUDGE